**BEATTIE PADOVANO, LLC**
50 Chestnut Bridge Road
P.O. Box 244
Montvale, New Jersey 07645-0244
(201) 573-1810 (Telephone)
(201) 573-9736 (Facsimile)
George G. Campion
gcampion@beattielaw.com
Attorneys for Defendant
Foreclosure Management Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Jonathan Dehart & Denise Dehart, individually and as a class representative on behalf of others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>US Bank, N.A. ND, Foreclosure Management Company, and Udren Law Offices, PC,<br><br>          Defendants. | Civil Action No. 10-CV-05869-JBS<br><br>**BRIEF OF DEFENDANT FORECLOSURE MANAGEMENT COMPANY IN SUPPORT OF ITS MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT**<br><br>**RETURN DATE: JANUARY 3, 2011** |

727501_1\010865

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................. 1

PROCEDURAL HISTORY..................................................................................... 3

STATEMENT OF FACTS ...................................................................................... 4

    A.  The Factual Allegations in the Plaintiffs' Complaint. .....................................4

    B.  The Causes of Action against FMC. ................................................................5

POINT I ................................................................................................................... 7

    THE PLAINTIFFS' CLAIMS AGAINST FMC ARE BARRED BY THE ENTIRE
    CONTROVERSY DOCTRINE................................................................................ 7

POINT II ................................................................................................................ 13

    THE PLAINTIFFS CANNOT MAKE OUT A CAUSE OF ACTION AGAINST FMC
    FOR A VIOLATION OF THE CONSUMER FRAUD ACT BECAUSE THE
    PLAINTIFFS DO NOT HAVE AN ASCERTAINABLE LOSS.................................... 13

POINT III............................................................................................................... 15

    THE PLAINTIFFS CANNOT MAKE OUT A CAUSE OF ACTION AGAINST FMC
    FOR A VIOLATION OF N.J.S.A. 12A:9-210 BECAUSE THE STATUTE ONLY
    APPLIES TO THE SECURED PARTY AND FMC IS NOT THE SECURED
    PARTY. ................................................................................................................ 15

CONCLUSION...................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Page**

### Supreme Court Cases

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ............................16

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90(1974) .....................................14

### Federal Court Cases

*Bennun v. Rutgers State University*, 941 F.2d 154 (3d Cir. 1991) ...............................................7

*Coleman v. Chase Home Finance, John Does 1-100  and John Doe Servicers 1-100*, Civil
   Action No. 08-2215(NLH)......................................................................................8, 10, 11, 12

*Ogbin v. Citifinancial Mortgage Co., Inc.*, Civil Action No. 09-0023(NLH)......................11, 12

*Oliver v. American Home Mortgage Servicing Inc.*, Civil Action No. 09-0001(NLH) .......11, 12

*Phillips v. County of Allegheny, et al.*, 515 F.3d 224 (3d Cir. 2008).............................................7

### New Jersey Cases

*N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8 (App.Div.) *certif. denied*, 178
   N.J. 249 (2003) ...............................................................................................................13

*Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234 (2005) ................................................14

726992_1\010865

## **Statutes and Court Rules**

15 U.S.C. § 1692k(d) ................................................................................................10

28 U.S.C. § 1446 ........................................................................................................3

Fed. R. Civ. P. 12(b)(6) .....................................................................................1, 7, 14

N.J.S.A. 12A:9-210 .............................................................................1, 2, 6, 15, 16

N.J.S.A. 12A:9-210(a) ..............................................................................................15

N.J.S.A. 12A:9-210(b) ..............................................................................................15

N.J.S.A. 12A:9-625 ............................................................................................15, 16

N.J.S.A. 12A:9-625(a) ..............................................................................................16

N.J.S.A. 12A:9-625(f) ...............................................................................................16

N.J.S.A. 56:8-2 et seq. ..........................................................................................5, 13

R. 4:64-5 .....................................................................................................................8

R. 4:67-4(a) .................................................................................................................8

726992_1\010865

## PRELIMINARY STATEMENT

Defendant Foreclosure Management Company (FMC) now moves, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the three counts of the complaint directed at it by the plaintiffs, Jonathan and Denise DeHart.

The DeHarts wish to be the lead plaintiffs in a putative class action arising out of what they allege was the improper attempt to charge them excessive fees to get their mortgage reinstated or paid off in full.  The plaintiffs, who did not pay the fees or charges that they claim were excessive or reinstate or pay off their mortgage, sued US Bank, N.A. ND, the mortgagee, FMC, which is the business of helping financial institutions, like US Bank, manage foreclosures, and the Udren Law Offices, which was retained to prosecute the foreclosure, under different legal theories.

In the three counts of the complaint in which FMC was sued, US Bank was named as a defendant for the exact same cause of action.  The causes of action against FMC must be dismissed, because the plaintiffs failed to comply with the requirements of the New Jersey entire controversy doctrine by not raising the claims in this lawsuit in the foreclosure action.

The rationale for dismissing the complaint because it is barred by the entire controversy doctrine is not novel.  In three decisions last year by the District Court, which will be cited below, the Honorable Noel L. Hillman, U.S.D.J., held that failure to raise claims, like the ones brought in this case, in the foreclosure justify dismissal of the second action because the entire controversy doctrine bars the second action.

While the entire controversy doctrine bars all of the plaintiffs' claims against FMC, the claims against FMC alleging violations of the New Jersey Consumer Fraud Act, violations of N.J.S.A. 12A:9-210, a section of Article 9 of the Uniform Commercial Code requiring secured

1

parties to provide information about debts to debtors, and violations of the Fair Debt Collection Practices Act must be dismissed for separate and independent reasons.

The Consumer Fraud Act is designed to compensate plaintiffs for actual losses from fraud. It is not designed to punish defendants for bad conduct that does not cause ascertainable losses due to the fraudulent conduct. In this case, the plaintiffs did not pay the fees that they say were improper. Consequently, they do not have an ascertainable loss. The absence of an ascertainable loss is fatal to any claim based on the alleged violation of the Consumer Fraud Act.

The claims based on the alleged violation of a section of Article 9 of the Uniform Commercial Code, N.J.S.A. 12A:9-210, does not apply to FMC, because the statute, by its clear terms, applies only to the secured party and FMC is not the secured party.

Counsel for Udren Law Offices presented cogent and compelling arguments in its brief in support of its motion to dismiss the claims in the ninth count of the plaintiffs' complaint based on alleged violations of the Fair Debt Collection Practices Act. FMC joins in those arguments and asks that the Court consider those arguments as if made by FMC.

Finally, the plaintiffs seek to be the lead plaintiffs in a putative class action. It needs no citation to legal authority to understand that, if a plaintiff cannot state a cause of action for which relief can be granted, that plaintiff cannot act as the representative plaintiff for others in a class action. Any request by the plaintiffs to continue in litigation in any capacity should, therefore, be rejected out of hand.

2

## **PROCEDURAL HISTORY**

This complaint was filed in the Superior Court of New Jersey in Gloucester County on September 9, 2010.  FMC removed this action to federal court on November 12, 2010, pursuant to 28 U.S.C. § 1446.

3

### STATEMENT OF FACTS

The facts relevant to this motion come from the allegations of fact and the legal claims in the plaintiffs' complaint.

**A.     The Factual Allegations in the Plaintiffs' Complaint.**

The plaintiffs executed a mortgage for property at 188 South Monmouth Court, Thorofare, New Jersey, on November 1, 2005.  See ¶ 11 of complaint attached as Exhibit A to the Declaration of Counsel.  The plaintiffs said that mortgage was "originated by Wilmington Finance, a division of AIG Federal Savings Bank and recorded in the name of Mortgage Electronic Registration Systems, Inc. (MERS) as mortgagee."  See ¶ 11 of complaint. The mortgage was assigned to US Bank on September 21, 2009.  See ¶ 14 of complaint.

The mortgage was in default on April 1, 2009.  See ¶ 12 of complaint. The Udren Law Offices sent a notice of intent to foreclose dated August 19, 2009, to the plaintiffs.  See ¶ 13 of complaint. (A copy of the notice of intent to foreclose is attached as Exhibit A to the plaintiffs' complaint.)  The Udren Law Offices sent a reinstatement notice, dated September 10, 2009, to the plaintiffs, which listed charges to be paid to reinstate the mortgage.  See ¶ 15 of complaint. (A copy of the reinstatement notice is attached as Exhibit B to the plaintiffs' complaint.) The fees listed in the reinstatement notice included attorney's fees of $500.  See ¶ 15 of complaint.

The Udren Law Offices sent a payoff notice, dated September 10, 2009, to the plaintiffs. See ¶ 18 of complaint.  (A copy of the payoff notice is attached as Exhibit C to the plaintiffs' complaint.)  The fees listed in the payoff notice included attorney's fees of $500.  See ¶ 18 of complaint.

The foreclosure complaint was filed on October 5, 2009.  See ¶ 22 of complaint.  (A copy of the foreclosure complaint is attached as Exhibit B to the Declaration of Counsel.)  The

4

plaintiffs alleged that they "have made no payments on the illegal charges and have been unable to redeem their property." See ¶ 23 of complaint.

A final judgment of default was entered against the plaintiffs in the foreclosure. See Exhibit C and Exhibit D to brief of Udren Law offices.

**B.    The Causes of Action against FMC.**

Statements of the plaintiffs' claims appear in several places in their complaint.

The plaintiffs allege that the reinstatement notice "included excess and/or unincurred charges including attorneys' fees and costs of suit which are not allowed under the law." See ¶ 17 of complaint. They also claim that the payoff notice "included excess and/or unincurred charges including attorneys' fees and costs of suit which are not allowed under the law." See ¶ 20 of complaint.

The plaintiffs allege that all defendants "engaged in a uniform scheme and course of conduct to inflate their profits by charging and collecting various fees not authorized by the loan documents or applicable law." See ¶ 24 of complaint. The plaintiffs list the fees that they alleged were illegal and state that the defendants failed "to fully credit the payments" that they had made. See ¶ 24 of complaint.

The complaint has nine counts and FMC is named as a defendant in three of the counts with US Bank in two of the nine counts and with US Bank and Udren Law Offices in one of the nine counts.

In the sixth count, the plaintiffs allege that US Bank and FMC included charges that were "in excess of the amounts allowed under the law," see ¶ 51 of complaint, and that seeking these charges constituted "unconscionable business practices in violation of the New Jersey Consumer Fraud, N.J.S.A. 56:8-2 et seq." See ¶ 53 of complaint. The plaintiffs allege that they

5

"suffered an ascertainable loss of a minimum of $600 due to the Defendants' actions."  See ¶ 54 of complaint.

In the eighth count, the plaintiffs allege that US Bank and FMC violated N.J.S.A. 12A:210 because they did not provide "an accurate statement of the account" at no cost to the plaintiffs, see ¶ 60 of complaint, and because the plaintiffs "received the inaccurate account for the payoff and reinstatement of their mortgage."  See ¶ 61 of complaint.

In the ninth count, the plaintiffs allege that US Bank, FMC and Udren Law Offices violated sections of the Fair Debt Collection Practices Act by making "false, deceptive or misleading representations," see ¶ 67 of complaint, and by "falsely representing the character, amount or legal status of a debt or any services rendered or compensation with may be lawfully received by a debt collector for collection of a debt," see ¶ 67(a) of complaint, and by "attempting to collect amounts not permitted by law."   See ¶ 67(b) of complaint.  The plaintiffs alleged that US Bank, FMC and Udren Law Offices engaged "in unfair and/or deceptive acts and practices with respect to the Plaintiffs," see ¶ 69 of complaint, by "imposing and collecting unnecessary and excessive fees and charges not authorized by the loan documents or by applicable law," see ¶ 69(a) of complaint, by "imposing and collecting excessive interest," see ¶ 69(b) of complaint, and by "misleading or otherwise misinforming mortgagors about the amounts properly due and owing," see ¶ 69(c) of complaint.

726992_1\010865

## POINT I

## THE PLAINTIFFS' CLAIMS AGAINST FMC ARE BARRED BY THE ENTIRE CONTROVERSY DOCTRINE.

One of the rationales for dismissing the plaintiffs' claims against FMC has nothing to do with whether they can state facts that support causes of action against FMC.[1]  The rationale is that, as a matter of law, they are not permitted to assert claims in this action because, in violation of the entire controversy doctrine, they failed to bring those claims in the state court foreclosure action.

It is settled law that New Jersey's entire controversy doctrine, which is codified in R. 4:30A of the New Jersey Court Rules, applies in federal court in New Jersey. *Bennun v. Rutgers State University*, 941 F.2d 154, 163 (3d Cir. 1991).  The main issue in this motion is whether, pursuant to Fed. R. Civ. P. 12(b)(6), the three counts of the complaint directed at FMC fail to state a cause of action, because the entire controversy doctrine bars the plaintiffs from bringing those claims in a second action when they could have brought the claims in the foreclosure.

In considering a motion to dismiss a complaint brought under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny, et al.*, 515 F.3d 224, 233 (3d Cir.2008).  Applying that standard to the claims against FMC, the plaintiffs' complaint against FMC must be dismissed.

Even if the Court assumes that every fact that the plaintiffs allege about FMC is true, the plaintiffs have still violated the entire controversy doctrine by not bringing the claims against

---

[1] The arguments in Point II and Point III, infra, are that the plaintiffs can never plead facts that will support the causes of action that they seek to plead.

7

FMC in the foreclosure action in state court.  That alone justifies dismissal of all claims.

R. 4:30A, the main entire controversy doctrine rule, says: "Non-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine, except as otherwise provided by R. 4:64-5 (foreclosure actions) and R. 4:67-4(a) (leave required for counterclaims or cross-claims in summary actions)."

R4:64-5, the rule on joinder of claims in foreclosures, says:

> Unless the court otherwise orders on notice and for good cause shown, claims for foreclosure of mortgages shall not be joined with non-germane claims against the mortgagor or other persons liable on the debt.  Only germane counterclaims and cross-claims may be pleaded in foreclosure actions without leave of court. Non-germane claims shall include, but not be limited to, claims on the instrument of obligation evidencing the mortgage debt, assumption agreements and guarantees. A defendant who chooses to contest the validity, priority or amount of any alleged prior encumbrance shall do so by filing a cross-claim against that encumbrancer, if a co-defendant, and the issues raised by the cross-claim shall be determined upon application for surplus money pursuant to R. 4:64-3, unless the court otherwise directs.

In his decision in *Coleman v. Chase Home Finance, John Does 1-100 and John Doe Servicers 1-100*, Civil Action No. 08-2215(NLH), November 19, 2009,[2] Judge Hillman gave a succinct synopsis of how the entire controversy doctrine is applied that bears quoting in full.

> In determining whether successive claims constitute one controversy for purposes of the doctrine, the central consideration is whether the claims "ar[o]se from related facts or the same transaction or series of transactions" as the state court claims. *Fields v. Thompson Printing Co.*, 363 F.3d 259, 265 (3d Cir. 2004). (quoting *DiTrolio v. [Antiles]*, 662 A.2d [495] at 502 (1995)). The Supreme Court of New Jersey has explained that it is a "commonality of facts, rather than commonality of issues, parties or remedies that defines the scope of the controversy." *DiTrolio*, 662 A.2d at 503.  It is the knowledge of the existence of

---

[2] A copy of the opinion is attached as Exhibit C to the Declaration of Counsel.

a cause of action during the first proceeding that invokes the entire controversy doctrine. *Maertin v. Armstrong World Industries, Inc.*, 241 F. Supp. 2d 434, 456 (D.N.J. 2002) (citing New Jersey state court cases). The party has such knowledge if she "knows, or should have known, of facts which establish that an injury has occurred and that fault for that injury can be attributed to another." *Id.* (citation omitted); *Brown v. Brown*, 506 A.2d 29, 30 (N.J. Super. Ct. App. Div. 1986) (concluding that "the entire controversy doctrine ordinarily requires joinder or attempted joinder of constituent causes arising pendente lite").

Slip op. at pp. 11-12.

The dispositive issue is whether the claims in the three counts in which FMC is a defendant are germane to the claims in the foreclosure action. Stated differently, the dispositive issue is whether the facts in this case have a "commonality of facts," as the New Jersey Supreme Court said in *DiTrolio*, with the facts in the foreclosure action.

The best evidence that the plaintiffs' claims against FMC are germane to the claims in the foreclosure and that there is a "commonality of facts" with the facts in the foreclosure is the fact that US Bank, the mortgagee, is a defendant with FMC for the exact same causes of action. Since all of the plaintiffs' claims against US Bank arise out of the foreclosure, it follows that the identical claims made against FMC must also have arisen out of the foreclosure.

The plaintiffs' claims against FMC and US Bank are that they were asked to pay fees that they were not legally obligated to pay for the reinstatement or the payoff of the mortgage and that they were asked to pay more than what they owed on the mortgage. These claims could have been brought against FMC as a counterclaim in the foreclosure action. The claims for the alleged violations of the Consumer Fraud Act and Article 9 of the UCC could have been brought in state court. The claims for the alleged violations of sections of the Fair Debt Collection Practices Act could have been brought in state court, because the Act says that a state court has concurrent jurisdiction over violations of the Act. "An action to enforce any liability

9

created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d).

In this case, the plaintiffs claim that the defendants tried to overcharge them. In *Coleman*, the plaintiff claimed that she was overcharged when she had her mortgage reinstated. Judge Hillman found that she was required to bring the claims that she was overcharged in the foreclosure action, because the claim arose out of the foreclosure.

> First, it is clear that her claims based on the allegedly improper charges arose from Chase's foreclosure action. But for the foreclosure action, Chase never would have imposed such charges onto Coleman. Second, Coleman became aware of the overcharges during the pendency of the foreclosure action. The August 2002 Chancery Court order stated that Chase was entitled to $1600.52 in associated costs, but then in November 2005 when it issued its reinstatement quote, Chase assessed $6691.73 in costs. The foreclosure action was still active when Coleman received the reinstatement quote. Thus, Coleman became aware during the pendency of the foreclosure action that the fees Chase charged her were in excess of the court order. Even if Coleman did not know specifically that the fees were arguably in violation of New Jersey court rule and law, at a minimum, she was aware that Chase was charging her an amount that differed from the August 2002 court order.
> Third, Coleman's claims are germane to her foreclosure action, and, accordingly, could have been brought in the foreclosure action.

Slip op. at pp. 13-15 (footnotes omitted).

> It is clear that Coleman's dispute over the foreclosure fees arose out of the mortgage transaction which is the subject matter of the foreclosure action, and are therefore "germane," in the "usually understood sense of the word," to the foreclosure action. Because they are germane, pursuant to Rules 4:30A, 4:64-5, and 4:7-1, Coleman was required to assert her claims in the foreclosure action.

Slip op. at p. 17 (footnote omitted).

Judge Hillman found that the entire controversy doctrine was meant to apply in that

case.

> This case presents a textbook example of the purpose of the entire controversy doctrine. Had Coleman asserted her counterclaim in the foreclosure action in November 2005 when she became aware of the alleged excessive charges, the Chancery Court judge handling the foreclosure could have addressed the issue in the proper context – that is, during the four-year long case involving Coleman and Chase and the foreclosure of Coleman's home. By withholding her claims and then instituting an action here, Coleman prevented the resolution of the fees issue, and transformed a state court foreclosure issue between the two parties into an independent, federal court, putative class action. To allow such a result would be inconsistent "with the purpose of the doctrine to eliminate delay, avoid harassment and wasted time of the parties, avoid clogging of the courts and promote fundamental fairness."

Slip op. at pp. 17-18.

In two other cases arising out of similar claims that were decided on the same day as

*Coleman*, Judge Hillman used the same rationale and found that the entire controversy doctrine

barred claims in second lawsuits that arose out of claims of overpayments in foreclosures.  In

*Oliver v. American Home Mortgage Servicing Inc.*, Civil Action No. 09-0001(NLH),[3] Judge

Hillman found that the entire controversy doctrine barred a plaintiff, who failed to raise claims

of an overpayment of fees for a reinstatement of his mortgage from bringing a separate class

action to recover the alleged overpayment.  In *Ogbin v. Citifinancial Mortgage Co., Inc.*, Civil

Action No. 09-0023(NLH),[4] Judge Hillman found that, in addition to deficiencies in the way the

complaint about overpayment in a foreclosure was pled, the entire controversy doctrine barred

the plaintiffs from bringing a separate class action to recover the alleged overpayment.

---

[3] A copy of the opinion is attached as Exhibit D to the Declaration of Counsel.
[4] A copy of the opinion is attached as Exhibit E to the Declaration of Counsel.

11

That rationale in *Coleman*, *Oliver* and *Ogbin* applies with equal force to this case.  The trial court handling the foreclosure action was in the best position to determine what the plaintiffs owed in the foreclosure and to determine whether FMC was liable for any of the alleged overcharges that US Bank sought.  It is unfair to FMC for the plaintiffs to try to relitigate issues that were already litigated or could have been litigated in state court.  By not bringing those claims in the foreclosure, as a matter of law, the plaintiffs are barred from bringing claims in this subsequent action.

12

## POINT II

### THE PLAINTIFFS CANNOT MAKE OUT A CAUSE OF ACTION AGAINST FMC FOR A VIOLATION OF THE CONSUMER FRAUD ACT BECAUSE THE PLAINTIFFS DO NOT HAVE AN ASCERTAINABLE LOSS.

In the sixth count of the complaint, the plaintiffs allege that FMC and US Bank are liable for violations of the Consumer Fraud Act, N.J.S.A. 56:8-2, et seq.

In ¶ 54 of their complaint, the plaintiffs made the legal allegation that they suffered an ascertainable loss of $600 due to the actions of US Bank and FMC, even though they made the factual allegation in ¶ 23 of their complaint that "the Plaintiffs have made no payments on the illegal charges."

It is black letter law that a plaintiff making a claim for a violation of the Consumer Fraud Act must have proof of an ascertainable loss.

In order to bring a claim under the Consumer Fraud Act, "a plaintiff must allege each of three elements: (1) unlawful conduct by the defendants; (2) *an ascertainable loss on the part of the plaintiff*; and (3) *a causal relationship between the defendants' unlawful conduct and the plaintiff's ascertainable loss*." *N.J. Citizen Action v. Schering-Plough Corp.,* 367 *N.J.Super.* 8, 12-13 (App.Div.), *certif. denied,* 178 N.J. 249(2003) (emphasis added). The New Jersey Supreme Court said that a plaintiff, who does not have evidence of an actual loss, faces dismissal of a claim for a violation of the Consumer Fraud Act.

> To give effect to the legislative language describing the requisite loss for private standing under the CFA, and to be consistent with *Weinberg,* a private plaintiff must produce evidence from which a factfinder could find or infer that the plaintiff suffered an actual loss. . . .
> In cases involving breach of contract or misrepresentation, either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle and will set the stage for establishing the measure of damages. . . .That said, a claim of

loss in value must be supported by sufficient evidence to get to
the factfinder. To raise a genuine dispute about such a fact, the
plaintiff must proffer evidence of loss that is not hypothetical or
illusory.

*Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005).

Since the plaintiffs admitted in ¶ 23 of their complaint that they did not pay the charges,

which they allege are illegal, they do not have an ascertainable loss that justifies a claim of a

violation of the Consumer Fraud Act.  Their loss is, as stated in *Thiedemann*, hypothetical or

illusory and, as a matter of law, is insufficient to state a cause of action for a violation of the

Consumer Fraud Act.

When a Court considers a motion to dismiss based on Fed. R. Civ. P. 12(b)(6), the Court

must deny the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief." *Scheuer v. Rhodes,* 416 U.S. 232,

236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  This is the kind of claim where the plaintiffs can

prove no set of facts to show that they have had an ascertainable loss by making an unjustified

payment since they have admitted in their complaint that they did not make any payment that

would constitute an a loss attributable to FMC's actions.

726992_1\010865

## POINT III

**THE PLAINTIFFS CANNOT MAKE OUT A CAUSE OF ACTION AGAINST FMC FOR A VIOLATION OF N.J.S.A. 12A:9-210 BECAUSE THE STATUTE ONLY APPLIES TO THE SECURED PARTY AND FMC IS NOT THE SECURED PARTY.**

In the eighth count of their complaint, the plaintiffs alleged that FMC violated N.J.S.A. 12A:9-210, a provision of Article 9 of the Uniform Commercial Code.

This count of the complaint against FMC must be dismissed for failure to state a claim for which relief can be granted, because N.J.S.A. 12A:9-210 and N.J.S.A. 12A:9-625, the statute providing a remedy for a violation of N.J.S.A. 12A:9-210, only applies to secured parties. Since FMC is not the secured party in this transaction, the plaintiffs can never make out a cause of action against FMC for a violation of this statute. This is a simple matter of statutory analysis.

N.J.S.A. 12A:9-210 deals with requests for information by debtors to secured parties about the debt. N.J.S.A. 12A:9-210(a) defines the three types of requests that a debtor can make for an accounting of obligations in a debt. N.J.S.A. 12A:9-210(b) specifically says that the secured party must respond to the requests for information.

> (b) Duty to respond to requests. Subject to subsections (c), (d), (e), and (f), a secured party, other than a buyer of accounts, chattel paper, payment intangibles, or promissory notes or a consignor, shall comply with a request within 14 days after receipt:
> (1) in the case of a request for an accounting, by authenticating and sending to the debtor an accounting; and
> (2) in the case of a request regarding a list of collateral or a request regarding a statement of account, by authenticating and sending to the debtor an approval or correction.

N.J.S.A. 12A:9-625 provides for statutory damages for violations of some sections of Article 9 of the Uniform Commercial Code, including N.J.S.A. 12A:9-210.

726992_1\010865

N.J.S.A. 12A:9-625(a) applies only to secured parties.  It says:

> (a) Judicial orders concerning noncompliance. If it is established that a secured party is not proceeding in accordance with this chapter, a court may order or restrain collection, enforcement, or disposition of collateral on appropriate terms and conditions.

N.J.S.A. 12A:9-625(f) provides for statutory damages against a secured party who does not provide a debtor with information that the debtor asks for under N.J.S.A. 12A:9-210.

> (f) Statutory damages: noncompliance with 12A:9-210. A debtor or consumer obligor may recover damages under subsection (b) and, in addition, $500 in each case from a person that, without reasonable cause, fails to comply with a request under 12A:9-210. A recipient of a request under 12A:9-210 which never claimed an interest in the collateral or obligations that are the subject of a request under that section has a reasonable excuse for failure to

"Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989).

Since only the secured party can be liable for statutory damages for a violation of N.J.S.A. 12A:9-210 and since FMC is not the secured party on the plaintiffs' mortgage, the legal premise underlying the claim against FMC in this count is fatally flawed and can be dismissed against FMC, as stated in *Neitzke*, as a dispositive issue of law.

16

## CONCLUSION

For the reasons stated above, FMC respectfully requests that the Court dismiss all claims against it in the sixth count, eighth count and ninth count of the plaintiffs' complaint with prejudice.

s/ George G. Campion
Beattie Padovano, LLC
Counsel for Defendant
Foreclosure Management Company

December 1, 2010

726992_1\010865